FILED
June 18, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002718228

5

BARRY H. SPITZER, State Bar #161525
LAW OFFICE OF BARRY H. SPITZER
1007 7th Street, Suite 200
Sacramento, California 95814

Telephone: (916) 442-9002
Facsimile: (916) 442-9003

Attorneys for Chapter 7 Trustee
Prem N. Dhawan

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

JOHN L. AGUIRRE, JR. and
VERONICA A. AGUIRRE,

Debtors.

CASE NO. 09-45800-C-7

D.C. NO. BHS-1

MOTION FOR SALE OF ESTATE'S INTEREST IN REAL PROPERTY AND TO EMPLOY AND COMPENSATE REALTOR

DATE: July 20, 2010
TIME: 9:30 a.m.
DEPT: C; COURTROOM 35
Hon. Christopher M. Klein

Prem N. Dhawan, duly appointed Chapter 7 Trustee (hereafter the "Trustee") in the above-captioned matter, through his counsel, Barry H. Spitzer, moves this Court for authority to sell the Estate's interest in the real property commonly known as 24 Hwy 128, Berryessa, Yolo County, California; APN 030-300-03 ("Subject Property") pursuant to the provisions of 11 U.S.C. section 363(b) of the Bankruptcy Code. The Subject Property is 28.94 acres of bare land within the boundaries of the Putah Creek Ranch Owners Association. The parcel is in the rough hills immediately east of Monticello Dam and is a long narrow parcel with no public utilities and the access road is in very poor condition, only passable by foot or horseback. In support of his Motion, the Trustee states the following:

    1.    That the Debtors filed a Chapter 7 petition on November 24, 2009 and Movant was appointed as the Chapter 7 trustee of the estate of the above-named Debtors that day.

2. That the Debtors listed the fair market value of the Subject Property as $15,000.00. The Trustee does not believe the Subject Property has any secured claims against it. The Debtors have exempted $8,401.00 of the Subject Property.

3. The Trustee wishes to sell the estate's interest in the Subject Property "as-is" to John Liska (hereinafter referred to as "Buyer") for $29,000.00. The Trustee believes it is in the best interest of the estate to sell the estate's interest in the Subject Property to Buyer for $29,000.00. The Buyer has provided a $5,000.00 deposit to the Trustee which shall be non-refundable if the bid of the Buyer is accepted. The sale is subject to both overbids and Court approval.

4. The Trustee requests that the Court only approve overbids presented at the hearing that meet the following criteria:

(a) Overbidding shall start at $29,500.00. The overbids shall be in minimum $500.00 increments.

(b) To qualify as a bidder, the bidder must bring to the Court a Cashier's Check or a certified check for $5,000.00. This Cashier's or certified check shall serve as a non-refundable deposit if the overbid is successful.

(c) The successful overbidder must deliver to the Trustee a Cashier's or certified check for the overbid amount within 48 hours of Court approval of the sale.

(d) Escrow to close within thirty (30) days of the order granting approval of the sale.

5. The Trustee seeks authority to execute any and all additional conveyances, assignments, schedules and other documents as may be necessary to consummate this sale.

6. The Trustee further seeks a waiver of the fourteen day waiting period imposed by Federal Rule of Bankruptcy Procedure, Rule 6004(h).

**EMPLOYMENT AND COMPENSATION OF REALTOR**

The Trustee further seeks authority to both employ and compensate William R. McGregor of Prudential California Realty in Fairfield, California. The Trustee and Mr.

McGregor discussed the listing in early May 2010 and shortly thereafter the Buyer presented an offer to purchase the Subject Property dated May 21, 2010.

Mr. McGregor and the Trustee have discussed whether any conflicts of interest exist in this case between him, Prudential California Realty and interested parties. To the best of his knowledge, neither Mr. McGregor nor Prudential California Realty have connections with the debtor, the Trustee, persons employed by the Office of the United States Trustee, creditors of the debtor, any of the debtor's accountants, or any other party in interest in or having an interest in this case, or any of their respective attorneys and accountants, are disinterested parties as that term is defined in 11 U.S.C. Section 101(13). However, Mr. McGregor did, as a Realtor, sell the debtors the Subject Property approximately five years ago.

Mr. McGregor has agreed to accept a flat fee of $3,200.00. The normal commission rate for bare land with the restrictions such as those present here is 15%. The Trustee estimates after costs of sale, the estate will receive $23,978.00.

WHEREFORE, Prem N. Dhawan respectfully requests he be authorized to sell to John Liska "as-is" the estate's interest in 24 Hwy 128, Berryessa, Yolo County, California; APN 030-300-03 for $29,000.00, to be paid directly from escrow, subject to the existing liens and encumbrances, if any, pursuant to the provisions of section 363(b) of the Bankruptcy Code; and authority to execute any and all additional conveyances, assignments, schedules and other documents as may be necessary to consummate this sale. The Trustee further seeks a waiver of the fourteen day waiting period imposed by Federal Rule of Bankruptcy Procedure, Rule 6004(h). The Trustee further seeks authority to pay William R. McGregor of Prudential California Realty $3,200.00 directly from escrow.

Respectfully submitted,

DATED: June 18, 2010

LAW OFFICE OF BARRY H. SPITZER

By: /s/ Barry H. Spitzer
BARRY H. SPITZER
Attorneys for Prem N. Dhawan,
Chapter 7 Trustee

MOTION FOR SALE OF ESTATE'S
INTEREST IN REAL PROPERTY       3

## VERIFICATION

I, Prem N. Dhawan, hereby declare:

1. I am the duly appointed Trustee in the above-entitled Estate.

2. I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently thereto.

3. I believe it is in the best interest of the estate to sell "as-is" the estate's interest in the Subject Property to the John Liska for a sales price of $29,000.00. The proposed purchase price is the highest value the property will bring the estate. The sale will allow for the orderly liquidation of the estate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on June 17, 2010 at Benecia, California.

Prem N. Dhawan, Trustee

## VERIFICATION

I, William R. McGregor, hereby declare:

1. I am a real estate salesperson so licensed by the State of California. I am employed by Prudential California Realty. The following is true of my own knowledge, and if called as a witness, I could and would competently testify thereto.

2. I have reviewed the schedules of assets and liabilities filed in this case, and have generally reviewed with the Trustee the identities of the Debtor, creditors, other parties in interest, and their respective attorneys and accountants. Based on that review, I have determined to the best of my knowledge that neither I, nor Prudential California Realty have any connections with the Debtors, their creditors, the Trustee, other parties in interest, their respective attorneys and accountants, or with the United States Trustee or employees of the Office of the United States Trustee. However, I did, as a Realtor, sell the debtors the Subject Property approximately five years ago. I have maintained business based contact with the Debtors regarding the Subject Property and the homeowners association. I have not been personal friends with the Debtors.

3. Neither I, nor Prudential California Realty are creditors in this case.

4. Neither I, nor Prudential California Realty have any claim for compensation or other financial interest that existed prior to the filing of the bankruptcy.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on June 15, 2010 at Penn Valley, California.

William R. McGregor